LEONARD FASH, APPELLANT, *vs.* CLARK & FERRIS, APPEL-
LEES.

1. Where exception is taken to an instruction given by the judge below, it ought, with the evidence upon which it is based, to be incorporated in the bill of exceptions accompanying the record.

2. Where the instruction complained of has not been incorporated in the bill of exceptions, but, as presented by the record, purports to have been in writing, duly attested by the signature of the judge who presided at the trial, if the same be manifestly irrelevant to the issue joined between the parties and calculated to mislead the jury, this Court will consider and pronounce upon it.

This case was decided at Tampa.

The facts of the case are fully set out in the opinion of the Court, to which reference is made.

*James T. Magbee* for appellant.

*James Gettis* for appellee.

DuPONT, J., delivered the opinion of the Court.

This is an appeal from the Circuit Court of Hillsborough county.

There exists so much confusion in the record filed in this cause, and the bill of exceptions itself is so loosely drawn, that it has been with extreme reluctance that the Court has consented to consider the case. We deem this a proper occasion to admonish the members of the bar throughout the State of the necessity of giving greater attention to these particulars, lest the Court should find itself constrained, in the vindication of its rules, to inflict the appropriate penalty—a refusal to decide the causes so brought up. By extreme labor we have been enabled to extract from the record the following state of the case:

On the 11th day of July, A. D. 1853, Leonard Fash, the appellant, procured to be issued from the office of the Clerk of the Circuit Court of Hillsborough county a writ of attachment against the goods and chattels of Williamson, Zaratin & Co. for the sum of $1,720 20, which was made returnable to the ensuing fall term of the said Court. At the same time a writ of garnishment was also issued out of the same office, and returnable at the same time, which was directed to "Henry N. C. Clark and William G. Ferris, under the name and style of Clark & Ferris," requiring them to answer what goods and chattels, rights and credits, money or effects were in their hands, custody or control, at the time of the service of the writ, belonging to the defendant in the attachment. The record shows that the writ of garnishment was served on the day that it bears teste upon William G. Ferris, one of the partners in the firm of Clark & Ferris. At the fall term, A. D. 1854, the plaintiff obtained a judgment against the *defendant in attachment* for the sum of $1,848 13, which, by consent of parties, was ordered to be stayed. At the same term of the Court, William G. Ferris, one of the firm of Clark & Ferris, filed his answer in response to the writ of garnishment, showing a balance against themselves on a settlement of accounts between their house and the house of Williamson, Zaratin & Co. to the amount of $662 68. The answer goes on to state that "the above balance of $662 68, *Clark & Ferris owe to some person or persons in New Orleans*," and alleges an apprehension that there might be some difficulty about its appropriation. This answer being deemed evasive, the plaintiff moved for and obtained a judgment by default against the garnishees at the same term. On the 14th of April, 1855, the default

3

was opened, upon motion of the garnishees, and simultaneously therewith, William G. Ferris filed a second answer in response to the original writ of garnishment. In this answer he commences by saying, "That at the time of the service of the writ of garnishment, or at any time since said service, he was and is not indebted *in his individual capacity* to the said James Williamson, as surviving partner aforesaid, to the value of one cent, but that the late firm of Clark & Ferris was indebted to the said James Williamson, as surviving partner aforesaid, at the time of the service of the said writ on him, to the amount of six hundred and sixty-two dollars and sixty-eight cents." To this answer the plaintiff filed a traverse in the following words, to wit: "And the said plaintiff, by James T. Magbee, alleges that the answer of William G. Ferris, garnishee, as to his own indebtedness and the indebtedness of Clark & Ferris, garnishees, has not discovered the true amount of debt due from him and them to the defendant James Williamson, surviving partner of Williamson, Zaratin & Co., at the time of the service of said summons, and this plaintiff prays may be enquired of by the country," &c. This issue was submitted to the jury, accompanied by a mass of testimony in the form of depositions, but which, not having been embodied in the bill of exceptions, this Court is not at liberty to consider. The Court then instructed the jury as follows: "That if they believed from the evidence that there was no indebtedness from Ferris, the garnishee, individually to Williamson, surviving partner of Williamson, Zaratin & Co., they should find for the garnishee; and that they should not take into consideration evidence to prove an indebtedness of Clark & Ferris to Williamson, Zaratin & Co." Under this instruction, the jury found a verdict for the garnishee,

and judgment was accordingly entered up. It is from this judgment that the appeal is taken, and the only error assigned which it is necessary for us to consider is that excepting to the instruction to the jury.

This is a succinct statement of the true facts of the case which we are called upon to decide, picked out from amongst a large mass of matter which has been incorporated into the record, but which will be hereafter shown to be entirely irrelevant and wholly *dehors* the case.

The instruction of the Court below purports to have been in writing, duly attested by the judge who presided at the trial, and although not incorporated into the bill of exceptions, as it should have been, yet, bearing the attestation that it does, we have consented to accord to it full and perfect verity. The bill of exceptions is also defective in not embracing the evidence upon which the instruction is based, but the omission in this connection is not material, as this case comes precisely within the exception mentioned in the opinions delivered in the two cases decided at this term of the Court, of "McKay vs. Friebele" and "McKay vs. Bellows," viz: where the instruction is without the limits of the issue between the parties and is calculated to mislead the jury in considering of the verdict to be given. It is only necessary to refer to the terms of the instruction given in this case, and it will be manifest that it exceeded and indeed was wholly inappropriate to the true issue to be decided, and that it was well calculated to mislead the jury, and that it did in fact cause them to return a verdict most manifestly erroneous. It is true that in the traverse to the answer of Ferris the pleader very improperly took issue upon so much of the answer as denied his *individual* indebtedness, but this was clearly immaterial and should have been so treated by the Court. The tra-

verse did in terms make an issue as to the amount of in-
debtedness due *by the firm of Clark & Ferris*, and that
was the true and only issue correctly before the jury, and,
if any instruction were necessary to be given, it should
have been confined to that issue. It is, therefore, the
opinion of this Court that the learned judge who presided
in the Court below, in the instruction which he gave to
the jury at the trial of the cause, did err to the injury of
the plaintiff's rights, and that a new trial ought to be
granted to him.

The confusion which this record presents occurred en-
tirely from a misapprehension of the plaintiff's attorney,
that the mistake of the Clerk of the Circuit Court, in
making out the writ of *scire facias*, which issued for the
purpose of confirming the judgment by *default* previously
taken in the original attachment suit, had compromitted
his claim against the garnishees Clark & Ferris. That
writ went out against Ferris individually, instead of being
against the firm, as the judgment by default was. Upon the
discovery of the mistake, the counsel for plaintiff made
several motions, supported by several affidavits, to have
the mistake corrected, all of which motions were refused
by the Court.

Whatever may be said with respect to the correctness of
these rulings of the judge, it is very manifest that the
issuing of the writ of *scire facias* against Ferris in his indi-
vidual capacity, could by no means affect the suit which
was then pending between the plaintiff and the *firm* of
which Ferris was a partner, and especially was this the
case after the judgment by default had been opened at the
instance of the defendants, Clark & Ferris. It is manifest
that the opening of the default operated to remit the case
back to the position which it occupied at the date of the
taking of the default. Down to that period there had been

no error in the proceedings upon the garnishment, at least none has been brought to our notice. The writ of garnishment which had been previously issued was against the firm, and the answer of Ferris upon which the issue was joined was in response to that writ, so that, even if there had occurred any departure in pleading or mistake in the issuing of process between the service of the writ of garnishment and the joining of the issue, it had all been cured or obviated by the setting aside of the default and the consequent reinstatement of the cause to its original position of a suit between the plaintiff and the firm of Clark & Ferris.

Upon a full consideration of all the facts of this case, it is ordered and adjudged that the judgment rendered therein be reversed, the cause remanded and that a new trial be granted in the Court below.