WILLIAM PROCTOR, PLAINTIFF IN ERROR, vs. ISAIAH D. HART, DEFENDANT IN ERROR.

1. A refusal to give instructions on a mere abstract proposition, not based on any color of evidence, affords no ground of exception.

2. And even where a charge is given to the jury which is entirely abstract, or out of the case, so as not to affect it, although the charge be erroneous as a proposition of law, yet this will not constitute a ground of exception.

3. The party excepting must, at his peril, place as much in his bill as shows that the Court did err to his prejudice; for the presumption is in favor of the rectitude of their proceeding, and all decisions made will be presumed correct until the contrary appear.

4. Wherefore if the evidence on which instructions to the jury were intended to bear, be not presented by the bill, the Court will not adjudge such instructions erroneous.

5, While the Court recognizes the doctrine that upon a writ of error it is within its province to look beyond the bill of exceptions, and to consider errors apparent upon the face of the record, yet this must be limited to such errors only as have not been waived by the pleadings.

6. And therefore where a plaintiff, instead of *demurring* to a plea, *replies* to the same, it is too late to make the objection in this Court that the plea is bad.

MEM.—It is the exclusive *right* of the Clerks of the Supreme Court to furnish the

copies of the record required by the rule to be prepared for the use of the Judges, and the compensation thereof constitutes a perquisite of their offices.

This was a writ of error to a judgment of the Circuit Court of Duval County.

The errors assigned in this case are based upon the charges given by the Court below, and upon the refusal of the Court to give in charge to the jury instructions asked for by Plaintiff in error. The bill of exceptions, which was made a part of the record, does not embrace the evidence upon which the charges given by the Court were predicated, nor is there any evidence in the record to show that the instructions asked for by plaintiff were relevant or material, or other than abstract propositions.

The fourth plea of defendant, which is alleged to be bad, was replied to by plaintiff, and no objection thereto, by demurrer or otherwise, seems to have been made in the Court below.

*Philip Fraser* for Plaintiff in Error.

*G. W. Call* for Defendant in Error.

DuPONT, J., delivered the opinion of the Court.

This case is brought up from the Circuit Court of Duval County, by writ of error, and the only errors assigned are the exceptions set forth in the bill of exceptions, which constitutes a part of the record before us. In looking into the record, a difficulty is presented at the thresh-hold, which, in the opinion of the Court, is decisive of this case. The matters complained of as error, are confined exclusively to the several " *charges*" of the Court below, as given and refused, and the bill of exceptions incorporates no portion of the evidence upon which the charges were predicated. If in this state of the record the Court were to proceed to examine the propriety of those charges, they could

view them only as abstract propositions; but it is a well
established principle that a refusal to give instructions
prayed for on a mere abstract proposition, not bottomed
on any color of evidence, will be no ground of exception,
(Hamilton vs. Russell, 1 Cranch, 309 and 318; Greatham
vs. Brown, 5 Munroe, 280, 282;) and even where a charge
is given to the jury which is entirely abstract, or out of the
case, so as not to affect it, although the charge be errone-
ous as a proposition of law, yet this will not constitute a
good exception.   Vide 3 Philips on Evidence, (Cowen and
Hill's Notes,) 787, citing the following cases : Clarke vs.
Dutcher, 9 Conn. R., 674; Smith vs. Carrington, 4 Cranch
R., 62; King vs. Kinney, 4 Hamm., 81; Wardell vs.
Hughes, 3 Wend. R., 418; Broffit vs. Williams, 1 Yerger,
89; Norton vs. Saunders, 1 Dana R., 14, 15.  " At com-
mon law, a writ of error lay for error in law apparent on
the record, and not for error in law not apparent upon the
record.   If a party allege any matter of law at the trial,
and was overruled by the Judge, he was without redress,
the matter not appearing" on the record.   (2 Institutes,
42.)   To remedy this evil, the statute was passed which
gives the " bill of exceptions," through the instrumentality
of which the party aggrieved is entitled to make such ru-
lings of the Judge matter of record, which but for the stat-
ute would have remained in *pais*.   The office of the bill of
exceptions is very clearly defined in 3 Philips on Evidence,
(Cowen & Hill's Notes,) at page 790, and it is there stated
as follows :  " If the bill be not tacked to the record, it
should set out the whole proceedings previous to the trial,
but otherwise it begins with the proceedings, after issue
joined, and in either case it goes on to state the circum-
stances upon which it is founded, as that a witness was
called to establish certain facts, or evidence offered, or
challenge made, or demurrer tendered; the allegations of
11

counsel respecting the competency of the witness; the admissibility of the evidence, or legal effect of it, &c.; the opinion of the Court or Judge; the exception of the counsel to the opinion, and the verdict of the jury," (citing Bul. N. P., 317, 319; Tidd Prac., 788; 2 Dunlap Prac., 643; Swift's Ev., 168.)

The consequence to the appellant of a defective bill of exceptions, is also stated in the same authority, and is thus set forth: "The party excepting must, at his peril, place so much in his bill as shows that the Court did err to his prejudice, for the presumption is in favor of the rectitude of their proceeding, and all decisions made will be presumed correct until the contrary appear. (Citing Richardson vs. Dennison, 1 Aik., 20; Adams vs. Ellis, ib., 24; Eaton vs. Houghton, ib., 380; Stearns vs. Warner, 2 ib., 26; Snowden vs. Warder, 3 Rolle, 1; Harrison vs. Baker, 1 J. J. Marsh., 317, 318; King vs. Kinny, 4 Hamm., 81; McDougal vs. Fleming, 4 ib., 388; Ingraham vs. White, 2 Miller, 294–'8; Reynolds vs. Rogers, 5 Ham., 169, 171.) "In other words, nothing must be left to conjecture, and if the bill be so loosely drawn as to leave the matter in doubt, the proceeding below will be sustained, notwithstanding there be some reason to *suspect* that error might have intervened." Citing Adams vs. Ellis, 1 Aik., 24; Eaton vs. Houghton, ib., 380. And again—"Most of our Courts have acted upon the principle above stated, of presuming that the Court below did right until the contrary expressly appear. Accordingly it has been held that if the evidence on which instructions to the jury were intended to bear be not presented by the bill, the Court will not adjudge such instructions erroneous. (Citing Harrison vs. Baker, 1 J. J. Marsh., 317, 318.) And again—"When instructions were asked for upon certain facts, it appears necessary to set forth in the bill that evidence of such facts

was given to the jury.   (Citing Vasser vs. Smith, 6 Cranch
R.. 226, 233, Note.)

We have not had access to all of the cases cited, but
so far as we have, we find that they fully sustain the princi-
ples enunciated.   And, indeed, if there ever was any doubt
as to the correctness of these principles, that doubt, so far
as it might affect this cause, has been removed and the
doctrine settled, by the ruling in the case of Dorman vs.
The Executor of Francis Richard, (1 Florida Reps., 297.)
In that case the Court say—"For aught that appears to
the contrary, other proofs besides the note in question may
have been presented on the trial below, and such as may
have influenced or determined the verdict and judgment;
and there is nothing to show that such proof, if so present-
ed, was inadmissible, or otherwise exceptionable at law.
In the absence, therefore, of a bill of exceptions showing
the testimony exhibited, the presumption is that there was
full and adequate evidence before the jury to warrant and
support the verdict," &c.

But if we were without precedent or authority on the
point, the doctrine is too obviously based upon sound
reason to admit of a doubt.   As a jury cannot be called
upon to render a verdict but upon the facts of the case, as
made known to them through the evidence, so every charge
of the Judge, if applicable, must be *predicated upon those
facts;* and in order to obtain the benefit of the supervisory
power of the appellate tribunal, the party invoking the
same must put the Court in possession of those facts, *duly
authenticated.*   This brings us to the consideration of the
question as to what may be deemed a due and proper au-
thentication of the evidence used upon the trial in the
Court below.   It seems to have been taken for granted by
the counsel who prepared the bill of exceptions, and who
superintended the making up of the record for the Court,

that it was sufficient if the evidence used or alleged to have been used upon the trial should appear in and form part of the record so certified to by the Clerk of the Circuit Court, without having the same incorporated or even referred to in the bill of exceptions. Such a practice, if sanctioned, would obviously lead to great looseness and uncertainty, and might work irreparable injury to parties litigant; for it would be to substitute the testimony of the Clerk as to what evidence was submitted to the jury, for that of the Judge, who, and who alone, (except in the case provided for in the statute, vide Thomp. Dig., 351, Sec. 3, part 1,) is authorized to attest that matter. Indeed, it is wholly beyond the province of the Clerk, in the exercise of his official duty, to certify to the existence of any matter which is not a matter of record, and it will scarcely be pretended that the evidence given in the trial of a cause is a matter of record until it shall have been made so by being incorporated into a bill of exceptions, duly signed and sealed by the Judge, or by three by-standers, as is provided for in the statute. The danger of adopting so loose a practice is forcibly illustrated by an inspection of the record before us. To several of the interrogatories it appears that *exception* was taken in writing, before the issuing of the commission, but there is nothing in the record to show whether those exceptions were sustained or overruled by the Court, and it is therefore left in doubt whether the entire depositions, or only a portion, were used as evidence on the trial.

It was further contended by the counsel for the appellant that this case having been brought up by " writ of error," it is the province of the appellate tribunal to look beyond the bill of exceptions, and to consider any error which might be apparent upon the face of the record, and the attention of the Court was called to the *fourth plea*, which it was insisted was bad.

The Court fully recognizes the doctrine, that upon a writ of error it is its province to look beyond the bill of exceptions and to consider errors apparent upon the face of the record ; but while they recognize the doctrine, they do not think that the error complained of, (even if it is an error,) is such as would justify a reversal of the judgment. At most the plea, if bad, was so only in presenting an *immaterial* issue, which did not affect the merits of the cause. If the plaintiff below was desirous of obtaining the judgment of the Court upon the plea, his proper course of proceeding would have been to have demurred to the same, and this would have raised a question of law, of which he might have availed himself in this Court ; but by replying to the plea, he waived his demurrer, and consequently lost any benefit which might have otherwise resulted to him. Vide Mitchell vs. Chaires, 2 Fla. R., 18, and Mitchell vs. Cotten's Ex'r., *ib.* 136.

We are of opinion that as the case is presented to us by the record, there is no error in the judgment of the Court below ; therefore let the judgment be affirmed with costs.

MEM.—Upon this case being called, the Court was presented by the counsel for the appellant with three copies of the record filed in this Court, which were made out and certified to by the Clerk of the Circuit Court. A question was thereupon raised by the Clerk of this Court as to his right to furnish the copies required by the rule to be furnished to the Judges. The Court decided that the furnishing of the copies is not only a perquisite of his office, but that his certificate is necessary to give *authenticity* to them.