JOHN TOMPKINS, PLAINTIFF IN ERROR, *vs.* NEEDHAM W. EASON, DEFENDANT IN ERROR.

Where the error assigned is the refusal of the Court below to grant a new trial, in order to enable this Court to judge of the correctness of that ruling, all the evidence used at the trial must be brought up by a bill of exceptions.

This case was decided at Tampa.

The plaintiff in error instituted his suit by attachment against the defendant in error in Hillsborough Circuit Court, at the fall term 1856, a trial was had, and the jury having returned a verdict for the defendant, a judgment was thereupon entered by the Court.

At the same term a motion was made by the plaintiff for a new trial, on the ground that the verdict of the jury was contrary to the evidence. The court below overruled the motion, and the plaintiff by his counsel excepted.

No bill of exceptions is incorporated into the record. Several sets of interrogatories and depositions purporting to be applicable to the case are inserted, but the same are unattested by the signature of the judge below.

*Rogers and Hart,* for Plaintiff in error.

*Jas. Gettis,* for Defendant in error.

DuPONT, J., delivered the opinion of the Court.

This suit was commenced by the plaintiff in error against the defendant by process of attachment, and judgment was given therein for the defendant upon a verdict of the jury at the Fall Term 1856, of the Circuit Court of Hillsborough county. From that judgment an appeal has been taken to this Court, and the only specific error assigned for a

reversal is, that the Circuit Court erred in overruling the motion for a new trial.

In looking into the record, we find that the plaintiff's counsel did make a motion in the Court below for a new trial, upon the ground that "the verdict of the jury was contrary to the evidence," which motion was overruled by the Court. Now, it is perfectly clear, that to enable the Court to pronounce upon the correctness of that ruling, resort must be had to all the evidence which was before the jury at the trial ; but there is a total absence of a bill of exceptions, or of any thing purporting so to be ; and as the evidence can be brought up only by being incorporated in the bill of exceptions, there is consequently nothing upon which this Court can act, in order to guide them to any conclusion. This being the case, they are constrained to presume that the only ruling of the Court below was correct.

It is true that the record contains a large mass of what purports to be the evidence that was used upon the trial of the cause, consisting of several sets of depositions of divers witnesses, but this Court has repeatedly ruled that evidence brought up in this loose way will not be considered—that to commend it to the consideration of the Appellate Court, it must be incorporated into a "bill of exceptions," *attested* as is provided for by the statute—(Thomps. Dig., p. 357, Sec. 3, § 1—Proctor vs. Hart, 5 Fla. R. 465.

Let the judgment of the Circuit Court be affirmed.