CALVIN L. ROBINSON, APPELLANT, vs. JOHN O. MATTHEWS, APPELLEE.

1. What purports to be a bill of exceptions, unattested by the signature of the Judge, but signed and agreed to by counsel for the respective parties, and filed here as an original paper, cannot be considered in this court.

2. A bill of exceptions, to be available, must be signed by the Judge, and an original paper, purporting to be a bill of exceptions filed in this court, in addition to and separate from the record as regularly certified, constitutes no part of the record of the judgment of the Circuit Court, and where otherwise there is no error alleged or perceived, the judgment will be affirmed.

Appeal from the Circuit Court for Duval county.

The appellee recovered a judgment against appellant for $819.07 and costs, in an action of assumpsit upon an open account. The appellant moved for a new trial on the ground that the verdict was contrary to the weight of evidence and the law of the case, and on the ground of newly discovered evidence. The court overruled the motion. The other facts are stated in the opinion of the court.

*J. C. Marcy* for Appellant.

*J. M. Baker* for Appellee.

Mr. Justice Westcott delivered the opinion of the court.

What purports to be a record of this case is a certified copy of the record of the Circuit Court, and unattached and separate therefrom we find an original paper filed in this court purporting to be a bill of exceptions. This paper has attached to it an agreement as follows:

"It is agreed that the signature of judge be waived, and that the bill of exceptions herein filed shall be good and effectual for all purposes.

"J. C. Marcy,
*Attorney for Appellant.*
"Jas. M. Baker,
*Attorney for Appellee.*"

The statutes of this State and the uniform practice of this court require that a bill of exceptions, to be available in this court, must be signed by the judge. In the case of Proctor vs. Hart, (5 Fla., 470,) this court held that the judge alone (except in case of his refusal, which is provided for in the statute, Thomp. Dig., 351, §3,) is authorized to attest a bill of exceptions; and in Tompkins vs. Eason, (8 Fla., 15,) this court remarked that to commend evidence to the consideration of the appellate court, it must be incorporated into a bill of exceptions, attested as is provided for by the statute.

Even in those States where the practice has been for counsel to sign special or agreed cases on trials at law, such agreed case must be spread at large upon the record as constituting the only legitimate ground for the action of the court. 16 Pet., 301. In all such cases it is necessary that such statement must in some manner be made a part of the record of the judgment of the Circuit Court. 1 Wall., 102.

The judgment is affirmed.