THE CITY OF JACKSONVILLE, APPELLANT, VS. A. W. LAWSON, APPELLEE.

Where there is no bill of exceptions in a case at law, attested by the judge or by bystanders, as provided by statute, the Supreme Court cannot examine the testimony and proceedings had at the trial, or or upon a motion for a new trial. The court cannot examine questions arising on the trial, or on such motion, presented by mere agreement of counsel.

Appeal from the Circuit Court for Duval county.

The appellee recovered judgment in an action upon the case for $275, damages and costs, on the ground stated in the opinion of the court. The other facts necessary to an understanding of the case are stated 'in the opinion of the court.

*E. M. Cheney* for Appellant.

*J. C. Marcy* for Appellee.

THE CHIEF JUSTICE delivered the opinion of the court.

This was an action to recover damages for injuries sustained by the appellee in his person from falling into a sewer, or ditch, in the street, owing to the negligence of the appellant.

The counsel have submitted the case upon briefs. On examining the record, we find no exceptions attested by the judge, as required by law. A memorandum, purporting to be signed by counsel, is copied into the papers returned by the clerk, which purports to give an abstract of testimony given on the trial. There is also a memorandum of the clerk to the effect that a motion for a new trial was made by the appellant upon the ground that " the defendant has discovered new evidence, important and material to its case, since the trial of this cause, and for other good and

21

sufficient reasons to be argued upon the hearing of this motion," and that the court refused the motion, " to which ruling the defendant excepted and gave notice of appeal." This is the only exception sought to be taken in the case, and even this is not attested by the judge.

The appellant assigns for error :

1. That the verdict was not supported by the evidence.

2. That the damages were excessive.

3. Surprise by plaintiff's testimony ; and

4. That the court refused a new trial.

In the absence of a bill of exceptions, there is no method known to the law of informing this court of the proceedings had upon the trial. Our action must bear upon the action of the court and the statute, and the rules plainly point the method of bringing such proceedings here to be reviewed. We must not be expected to decide moot questions, such as may be presented upon stipulations of counsel, for such course is liable to result in great abuse of public justice, and may be unjust and prejudicial to a circuit judge, if it should happen that the counsel have presented a case and obtained a reversal or affirmance of supposed rulings, which would " surprise " the judge when brought to his notice. Hence the statute and rules have made provision of the means by which questions may be brought here for review ; and while these methods are possible, we have no right to adopt any other. This court is bound by the law There is no question of jurisdiction, or sufficiency of pleading, or of the form or substance of the judgment, and therefore nothing upon which this court can pronounce judgment on the record before us as to the alleged errors. Cases like the present have often been presented to the court, and as often been dismissed, or the judgment affirmed—one of them, (Robinson vs. Matthews,) at this term, for similar reasons.

The judgment is affirmed.