EDDIE SMITH, (ALIAS EDDIE COX,) PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. The Laws of the State and the rules governing the Circuit Courts of the State provide the manner and time of making up and filing a bill of exceptions, so that it becomes a part of the record brought up by writ of error.

2. Unless the law and the rules governing the court are complied with, the bill of exceptions is a nullity and cannot be considered in this court.

Writ of Error to the Circuit Court for Leon county.

The facts of the case are stated in the opinion.

*John S. Beard* for Plaintiff in Error.

*The Attorney-General* for the State.

MR. JUSTICE VANVALKENBURGH delivered the opinion of the court.

At the December term of the Circuit Court held in and for the county of Leon, in the year 1883, the plaintiff in error, Eddie Smith, alias Eddie Cox, was indicted for the crime of murder. Having plead not guilty, he was tried at the same term of the court and found guilty. Counsel

for prisoner made a motion for a new trial, which motion was refused by the court, as appears by the minutes of the court in the record. Counsel for defendant subsequently procured a writ of error to this court. What is called a bill of exceptions is embodied in the record dated the tenth day of January, 1884, the court having adjourned *sine die* on the 24th day of December, 1883, and no order extending the time having been asked for or made. The certificate of the judge holding the court is in the following language: " The court does now sign and seal the foregoing as the bill of exceptions in said cause on this 10th January, 1884, when it is first presented, but cannot sign it as of the day when it should have been presented, to wit: on the 24th day of December, 1883, when the court adjourned *sine die*, because no application was made to the court before its final adjournment for any time to perfect an appeal or to prepare a bill of exceptions.

" Signed and sealed this January 10, 1884.

　　　[Seal]　　　　　　" D. S. WALKER, Judge."

In the record there is no exception taken to any ruling of the court, signed by the Judge, which of itself would make a bill of exceptions.

The statute of this State in respect to the duty of the Judges of the Circuit Court in the matter of granting bills of exceptions, is as follows: " It shall be the duty of the Judges of the Circuit Courts of this State, upon the trial of any person or persons charged with crime or a misdemeanor in said court, to sign and seal, upon request, any bill of exceptions taken during the progress of the cause and tendered to the court, Provided," &c.

The ninety-seventh rule of Circuit Court Rules, provides as follows:

" The bill of exceptions shall be made up and signed dur- ing the term of the court, at which the verdict is rendered

or trial had, unless by special order further time is allowed. In case such special order is made, it shall be entered in the minutes, and in making up the bill of exceptions the fact that such an order was made shall be mentioned therein, or shall otherwise appear in the record."

In this case no bill of exceptions "was taken during the progress of the cause," as provided by statute, nor was any order made under the rule by which "further time is allowed." There is no exception properly taken in the record aside from the bill of exceptions, and there is no bill of exceptions as known to the law.

In the case of Price & Wife vs. Sanchez, 8 Fla., 136, this court decides that it would not reverse a case when the facts are not presented by a bill of exceptions, and this rule has been adhered to by this court continuously. Broward vs. State, 9 Fla., 422; Barden vs. L'Engle, 13 Fla., 571, 602; Potsdamer vs. State, 17 Fla., 895.

The judgment must be affirmed.