JOHN PINE, APPELLANT, VS. MARIE ANDERSON, ADM'X, ET
AL., APPELLEES.

1. The only way that the evidence used in a common law action can
   be brought before this court, is by incorporating it in a bill of ex-
   ceptions signed by the Circuit Judge.

2.  The court will in an appeal, when there is no bill of exceptions taken, inspect the record, and if there be no error apparent thereon will affirm the judgment of the court below.

Appeal from the Circuit Court for Escambia county.

The facts of the case are stated in the opinion.

*R. H. Fries* for Appellant.

*W. A. Blount* for Appellees.

THE CHIEF-JUSTICE delivered the opinion of the court:

This was an action for unlawful detainer of certain property in the city of Pensacola. On the trial of the cause there was a verdict for the plaintiffs. Defendant moved for a new trial upon the following grounds:

1.  That the verdict is contrary to law.
2.  Contrary to the evidence.
3.  The court erred in its charges to the jury.

A new trial was refused and the defendant excepted, and took his appeal to this court.

There is no bill of exceptions in the case. There is a paper signed by the respective counsel which purports to set forth the evidence that was submitted to the jury on the trial.

Under the rulings of this court in Proctor vs. Hart, 5 Fla., 465; Burk vs. Clark, 8 Fla., 9; Tompkins vs. Eason, ib., 14; McKay vs. Friebele, ib., 21, and Price vs. Sanchez, ib., 136, there is nothing presented for our adjudication.

In Proctor vs. Hart, *supra*, the court say: " In order to obtain the benefit of the supervisory power of the appellate tribunal the party invoking the same must put the court in possession ot these facts *duly authenticated.* This brings up.

the question as to what is a due authentication of the evidence used in the court below." After reciting the fact that the evidence in the case was certified to by the clerk, the court say: "Such a practice, if sanctioned, would obviously lead to great looseness and uncertainty, * * * * * for it would be to substitute the testimony of the clerk, as to what evidence was submitted to the jury, for that of the Judge, who, and who alone, is authorized to attest that matter. * * * It will scarcely be pretended that the evidence given in the trial of a cause is matter of record, until it shall have been made so, by being incorporated into a bill of exceptions duly signed and sealed by the Judge."

In Burk vs. Clark, *supra*, the court say: "There are in the record several sets of depositions which are, apparently, applicable to the case, but this court has repeatedly ruled that evidence brought forward in this loose way is wanting in that degree of verity which is necessary to commend it to consideration, and that such verity is only attainable by its incorporation into a bill of exceptions properly attested by the signature of the Judge who presided at the trial of the cause."

In Tompkins vs. Eason, *supra*, the court say: "In looking into the record we find the plaintiffs counsel did make a motion in the court below for a new trial, upon the ground that the verdict of the jury was contrary to the evidence, which motion was overruled. Now it is perfectly clear that to enable the court to pronounce upon the correctness of that ruling, resort must be had to all the evidence that was before the jury at the trial, but there is a total absence of a bill of exceptions, or anything purporting so to be, and as the evidence can only be brought up by being incorporated in the bill of exceptions, there is consequently nothing on which this court can act. It is true that the record contains a large mass of what purports to

be evidence that was used at the trial of the cause, consisting of several sets of depositions of divers witnesses, but this court has repeatedly ruled that evidence brought up in this loose way will not be considered, that to commend it to the consideration of the court it must be incorporated into a bill of exceptions, *attested* as is provided by the statute."

In McKay vs. Friebele, *supra*, the court say : " The only mode of bringing up to this court the evidence used below in a common law suit is by incorporating it in a bill of exceptions, duly attested by the signature of the judge, or by three by-standers, as is prescribed by the statute."

In Price and wife vs. Sanchez, *supra*, the court say : " It is with regret we again have to remark upon the defective state of the record in having no bill of exceptions. As the judgment must be affirmed for want of error in this respect in any event, we have consented to treat the case as presented by counsel, an earnest request having been made that our views should be given as to the law. Had the case presented matter of error we should not have felt justified in reversing it, even under this agreement of the parties."

The fourth head note in the last case evidently alludes to an agreed case made before the trial of the cause in the court below, and upon which it was tried there.

An inspection of the record shows no error, and the judgment of the court below is affirmed.