JOSEPH L. PICKETT, APPELLANT, VS. JOSEPH D. BRYAN, JR., ET UX., APPELLEES.

1. Where it appears from the bill of exceptions that testimony not incorporated therein was submitted to and passed upon by the court or jury, the appellate court will not review the evidence to ascertain whether or not it sustains the judgment or verdict. The rule is settled that the decision of the trial court will not be disturbed as being contrary to the evidence, when all the testimony that was before the court is not properly presented to the appellate court.

2. The appellate court will not consider agreements of counsel to amend and supply deficiencies in bills of exceptions properly certified to by the trial judge and found in the transcript. The action of this court must bear upon the action of the trial court, and bills of exceptions certified to by that court must be regarded as the only evidence of matters *in pais* transpiring at the trial.

Appeal from the Circuit Court for Volusia county.

The facts of the case are stated in the opinion of the court.

*E. M. Cheney* and *A. W. Cockrell & Son* for Appellant.

No appearance for Appellees.

MABRY, J.:

Pickett, the appellant, sued Bryan and wife, appellees, in ejectment to recover possession of a certain parcel of land situated in Volusia county, Florida. The record shows that when the case came on for trial upon the issue tendered by the plea of not guilty a jury was waived and the court, after hearing the evidence, rendered judgment in favor of defendants, from which an appeal was taken by the plaintiff.

The bill of exceptions recites that when the issue joined between the parties came on to be tried by the court by consent without a jury the plaintiff, to maintain the issue on his behalf, offered in evidence a certain patent issued by the United States to Seymour Pickett, his heirs and assigns, bearing date the 15th day of November, A. D. 1888, and then closed his case. The patent contains among others the following recitals, *viz:* That there had been deposited in the General Land Office of the United States a patent certificate of the Register of the United States Land Office at Gainesville, Florida, dated September 5th, 1888, whereby it appeared that the claim of Seymour Pickett to a certain tract of land situated in Florida was confirmed by the act of Congress approved February 8th, 1827, and that said claim had been regularly surveyed by a designated description, and as shown by a plat on file in the General Land Office of the United States duly authenticated on the 29th day of September, A. D. 1888, by the signature of the Surveyor-General for the State of Florida. It is also recited that a final decree had been rendered in the United States District Court for the Northern District of Florida, on the petition of Joseph L. Pickett, adjudging that the

Seymour Pickett grant, according to the survey thereof as shown by the said plat in the Surveyor-General's office, take precedence of the grants to Ambrose Hull and P. R. del Calla, and any survey of said grants, so far as the same conflicted with the said survey of the Seymour Pickett grant. The patent purports to convey to Seymour Pickett, his heirs or legal representatives, and to his or their heirs, the tract of land embraced in the said survey and plat, and bears date the 15th day of November, A. D. 1888. As shown by the bill of exceptions this was all the testimony offered by the plaintiff.

It also appears that defendants to maintain the issue on their part offered in evidence certain portions of the fourth volume of Duff Green's edition of the American State Papers for the purpose of showing that Seymour Pickett derived title to the land in question from the Spanish government, and that the plaintiff and his ancestors had a right of entry on the said lands continuously since 1849, and that the United States did not have the legal title to the land at the date of said patent. This testimony was admitted over the objection of the plaintiff. The bill of exceptions further recites that defendants offered in evidence certain deeds and evidence to prove that they and those through whom they claimed title had been in the open, adverse and continuous possession of the said premises under a written instrument since 1849. Extracts from the fourth volume of American State Papers referring to the Seymour Pickett grant are found in the record, but no deeds or evidence in reference to defendants' claim to the land appear. The extracts do not show that the plaintiff here had any interest in the Seymour Pickett grant.

On the bill of exceptions found in the record it is entirely clear that the judgment must be affirmed. If it be conceded that the patent vested title in Seymour Pickett, or his heirs or assigns there is nothing to show that the plaintiff, Joseph L. Picket, had any interest in the land sought to be recovered. It is not made to appear that Seymour Pickett is dead and that the plaintiff is his heir; nor does it appear that the plaintiff has acquired in any way known to the law the title to said land. As shown by the bill of exceptions, the plaintiff failed entirely to show that he had any right to recover possession of the land as against the defendants. He shows neither title nor previous possession, and on such a showing the judgment of the trial court would have to be affirmed.

But still further the bill of exceptions does not set out the deeds and evidence under which defendants claim adverse possession, although it does appear that testimony under such a defense was submitted to and passed upon by the court. The decision of the trial court will not be disturbed as being contrary to the evidence when all the testimony that was before the court is not presented to the appellate court. Marshall vs. State, 32 Fla., 462, 14 South. Rep., 92, and authorities cited.

After the record was filed in this court an agreement was filed here signed by counsel for plaintiff and defendants consenting that the bill of exceptions be amended by inserting therein certain matters set out in the agreement. We can not look to this agreement to supply any deficiencies in the bill of exceptions, or as furnishing any matter resting *in pais* tending to make a different issue than that upon which the trial court acted, as shown by the record and bill of exceptions properly certified to by the judge and found in

the transcript. There is no method known to the law of informing this court of the proceedings *in pais* had upon the trial of a cause except a bill of exceptions. It was said in City of Jacksonville vs. Lawson, 16 Fla., 321, that "our action must bear upon the action of the court and the statute; and the rules plainly point the method of bringing such proceedings here to be reviewed. We must not be expected to decide moot questions, such as may be presented upon stipulations of counsel, for such course is liable to result in great abuse of public justice, and may be unjust and prejudicial to a circuit judge, if it should happen that the counsel have presented a case and obtained a reversal or affirmance of supposed rulings, which would surprise the judge when brought to his notice. Hence the statute and rules have made provision of the means by which questions may be brought here for review, and while these methods are possible, we have no right to adopt any other. This court is bound by the law." Robinson vs. Matthews, 16 Fla., 319; Burroughs vs. State, 17 Fla., 643; Smith vs. State, 20 Fla., 839; Pine vs. Anderson, 22 Fla., 330. This court has never shown any disposition to relax the rule above stated and we think the only safe course is to adhere to it. On the record proper, and bill of exceptions under the signature of the judge, to which alone we can look in this case, the judgment must be affirmed, and it is so ordered.