FLORIDA CENTRAL AND PENINSULAR RAILROAD COMPANY, APPELLANT, VS. ALEXANDER ST. CLAIR-ABRAMS, APPELLEE.

1. A bill of exceptions, or that which is tantamount thereto, under the signature of the judge, is essential to the review in the appellate court of the evidence introduced on the trial of a cause at law in the Circuit Court, and the copying by the clerk into the record of what purports to be the evidence on such trial not under the signature of the judge can not be considered by this court, though it contains an agreement signed by counsel of both parties that it is substantially the testimony

used on the trial, and should be used in the record on appeal. Such a stipulation extends no further than an agreement of counsel as to the testimony to be included in a bill of exceptions, and without the sanction of the judge can not be considered on appeal.

2. Where the sustaining of a motion to strike from the record what purports to be the evidence in a cause leaves no question that the appellate court can review on the petition of appeal, the judgment appealed from will be affirmed, on the disposition of the motion.

Appeal from the Circuit Court for Lake county.

The facts in the case are stated in the opinion of the Court.

*John A. Henderson*, for Appellant.

*Alex St. Clar-Abrams, in pro. per.*, for Appellee.

Appellee moves to strike from the transcript of record so much as purports to be evidence submitted to the jury on a trial of the cause and agreed to by the respective counsel. There was nothing in the agreement that waived the necessity for filing a bill of exceptions to enable the bringing of testimony before the Supreme Court.

The only method by which the evidence used in common law can be brought before this court is by incorporating it in a bill of exceptions signed by the circuit judge. John Pine vs. Marie Anderson, Adm'x. 22 Fla. 330; Proctor vs. Hart, 5th Fla. 465; Burk vs. Clarke, 8th Fla. 9; Tompkins vs. Eason, 8th Fla. 14; Robinson vs. Mathews, 16 Fla. 319.

The case of Pine vs. Anderson, 22 Fla. 330, was analogous to this.

It was, as in this action, an action for unlawful detention in which a paper signed by the respective

counsel purporting to set forth the evidence of what was submitted to the jury on trial, was incorporated into the record.

The court refused to consider the evidence, quoting approvingly in the case of Price vs. Sanchez, 8th Fla. 136, saying that "had the case presented matters of error, we should not have felt justified in reversing it even under the agreement of the parties."

But there is nothing in the agreement which even contemplated the waiving of the necessary bill of exceptions.

As to the other points it is not necessary to quote authorities in support of the proposition that the appellant tribunal can not consider evidence not offered at the trial of the cause, but presented with the motion for a new trial. It is true that the two plats incorporated in the record were annexed to the motion for a new trial only tended to confirm the evidence of plaintiff as to the ownership of the land by him, as the diagrams showed that the defendant's car used as a station and office was on plaintiff's land.

Nevertheless this testimony not having been offered during the trial of the case, appellant can not avail himself of it before the Supreme Court.

MABRY, C. J.:

In October, 1890, appellee commenced in the Circuit Court for Lake county an action of unlawful entry and detainer of a certain described lot of land in the town of Tavares, Lake County, Florida, against appellant, and on the trial obtained a judgment for possession and six hundred dollars damages. An appeal was taken to the January term, 1891, of this court and the transcript of the record was filed here on the

26th of that month. The petition of appeal filed at the time the transcript was filed contains a recital of pleas in the Circuit Court for the Seventh Judicial Circuit for Lake County, and after further reciting the judgment rendered in the cause and the entry of appeal, states that the inquisition in the case is not true and prays for an appeal. The petition, originally filed here, is the only petition of appeal or assignment of error in the case.

A motion has been made on the part of appellee to strike from the transcript of the record so much as purports to be the evidence taken on the trial and also the plats or maps filed by appellant on its motion for a new trial in the Circuit Court. This motion must be granted. There is copied into the record what purports to be the evidence of witnesses examined on the trial of the case in the Circuit Court, and it contains an agreement, signed by counsel of both parties, that it is substantially the testimony used on the trial, and that the same should be used in the record of appeal. There is no bill of exceptions, under the signature of the judge, embodying the testimony as agreed upon by counsel, and without this we can not consider the paper as evidence in the cause. The stipulation of counsel extended no further than that the testimony agreed upon should be used in the record of appeal, and even if it had undertaken to supply the place of a bill of exceptions, we could not so consider it. Pine vs. Anderson, 22 Fla, 330, and authorities cited; Pickett vs. Bryan, 34 Fla. 38. There is no record evidence that the maps copied into the transcript were used in evidence on the trial of the cause or on the motion for a new trial. They have no place in the record. The elimination from the record of what purports to be the

evidence and the maps referred to leaves no question that we can review on the petition of appeal.

The sustaining of the motion to strike the papers mentioned from the record disposes of the case and while it is before us a final judgment will be now entered. It is therefore ordered that appellee's motion be granted and that the judgment appealed from be affirmed.