I. W. Montgomery, *Plaintiff in Error*, v. The State
   of Florida, *Defendant in Error*.

1. The statutes of the state and the rules governing the circuit
   courts provide the manner and time for making up and filing
   a bill of exceptions in a cause so that it may become a part
   of the record, and unless such statutes and rules are complied
   with an attempted bill of exceptions is a nullity and will not
   be considered by the appellate court.

2. It is the duty of the plaintiff in error to have the bill of
   exceptions in a cause properly prepared as the rules direct
   and duly authenticated as required by the statute during the
   progress of the cause or within the time allowed by an order
   duly made and entered pursuant to Rule 97 of the Circuit
   Court Rules. If duly prepared and presented for authentica-
   tion within the time allowed, the bill of exceptions may be
   authenticated afterwards as of the day on which it was
   properly presented.

3. It is the duty of the judge under the statute to authenticate
   by signing any bill of exceptions taken during the progress
   of the cause and tendered to him, if it fairly states the truth
   of the matter and the exception taken; and the same when
   signed is a part of the record. When the judge refuses to
   sign a bill of exceptions properly tendered, it is lawful for
   three persons to sign the same in the presence of the judge
   and to certify that it was presented to the judge and he
   refused to sign it, and such bill of exceptions will then be
   valid and have the same force as though it were signed by
   the judge, if it appears that such persons were present at the
   trial and had knowledge of the matters stated and the truth-
   fulness thereof is certified to by them.

4. Where a party does everything in his power to have a bill of
   exceptions authenticated within the time allowed, but for
   reasons beyond his control there is no judge competent to
   authenticate the same within the time allowed, the time during
   which there was no judge after the bill of exceptions was
   duly presented where the judge in law should be, may not be
   counted against a party not delinquent.

5. Where it appears, and is not controverted, that a bill of ex-
   ceptions in a cause was duly prepared for presentation to the

judge of the criminal court of record within the time allowed, but that the judge at such time was suspended from office and that no successor to fill the office of such judge was appointed or qualified until after the time allowed for the presentation of the bill of exceptions, and there was under the law no other judge to whom the same could have been presented for authentication, and it appears that the party has been diligent and exerted every effort to have the bill of exceptions authenticated within the time allowed, he may be permitted to present the original bill if exception to the judge who subsequently qualified with proof of its correctness and of its preparation and filing in the clerk's office within the time allowed for its authentication, so that such judge may sign the same *nunc pro tunc* as of the date of its presentation to the clerk, for filing. When the original bill of exceptions is duly authenticated the plaintiff in error may take proper steps to have the certified transcript on file in the Supreme Court made to conform to the duly authenticated record below.

This case was decided by Division A.

Writ of Error to the Criminal Court of Record for Duval County.

The facts in the case are stated in the opinion of the court.

*I. L. Purcell,* for plaintiff in error;

*W. H. Ellis,* Attorney General, for the state.

WHITFIELD, J.—An information was filed in the criminal court of record for Duval county charging the plaintiff in error with embezzlement of money held by him as treasurer of a lodge of Knights of Pythias. The defendant after pleading not guilty was convicted, and on writ of error assigns as errors the denial of challenges to the array of jurors and the denial of a motion for a new trial.

The matters upon which all the assignments of error are based, for the purposes of review by the appellate court, must be incorporated in a duly authenticated bill of exceptions properly transcribed in the certified transcript of the record sent up in response to the writ of error.

The Attorney General for the state suggests that there is no properly authenticated bill of exceptions in the transcript of the record in this cause.    There appears in the transcript many pages of matter over a certificate "We, the undersigned, do hereby certify that we were present   at the trial of the above entitled cause; and have read the bill of exceptions herein filed; and we hereby certify that the same sets forth a true copy of the proceedings thereof, and   all the   evidence   given therein.   Signed this 21st day of June, A. D. 1907.   N. P. Bryan, L. R. Taylor, N. Simpson Gaines."   Above this certificate is a statement that at the time for presentation of the bill of exceptions there being no judge of the court by reason of the suspension of the judge, the same was presented to the three persons for authentication.

At common law any ruling of the trial court involving points of law growing out of incidents arising at the trial which were not required to be included in the record proper of the cause and which were by the party objecting deemed harmful to him, could be reviewed by an appellate court on bills of exceptions.   Such bills of exceptions were prepared and authenticated by the presiding judge during the progress of the cause.

Section 1696 of the General Statutes is as follows:

"1696.    (1268) Procurement of bills of exceptions. —The judge of any court of this state, upon a trial at law in said court, shall sign, upon request, any bill of exceptions taken during the progress of the cause and tendered to the court if said bill as tendered fairly states

the truth of the matter and the exception designed to be taken, and the same shall, when signed, become a part of the record of such cause; and in case the judge refuses to sign a bill of exceptions when so tendered for that purpose, it shall be lawful for three persons to sign the same in the presence of the judge and certify that the same was presented to the judge and he refused to sign it, which bill shall be as valid and have the same force as though it were signed by the judge of said court; and the court shall permit the same to be filed and become a part of the record. And if the judge refuses to let the same be filed as aforesaid, the supreme court may, when such case is brought before it by writ of error, upon affidavit of such refusal, admit such bill of exceptions as a part of the record."

Rule 97 of the Circuit Court Rules provides: "The bill of exceptions shall be made up and signed during the term of the court at which the verdict is rendered or trial had, unless by special order further time is allowed. In case such special order is made, it shall be entered in the minutes, and in making up the bill of exceptions, the fact that such an order was made shall be mentioned therein, or shall otherwise appear in the record."

The statutes of the state and rules governing the circuit courts of the state provide the mannr and time of making up and filing a bill of exceptions, so that it may become a part of the transcript of the record brought to the appellate court by writ of error. Unless the statutes and the rules governing the preparation and authentication of bills of exceptions are complied with, the attempted bill of exceptions is a nullity and cannot be considered by the appellate court. Smith v. State, 20 Fla. 839; Myrick v. Merritt, 21 Fla. 799; Picket v. Bryan, 34 Fla. 38, 15 South. Rep. 681; Jacksonville St. R. Co. v. Walton, 42 Fla. 54, 28 South. Rep. 59. It is the duty of the plaintiff in error to have the bill of ex-

ceptions properly prepared as the rules direct and duly authenticated as required by section 1696 of the General Statutes during the progress of the cause or within the time allowed by an order duly made and entered under Rule 97 If the bill of exceptions is duly prepared and *presented* for authentication within the time allowed under Rule 97, it may be authenticated afterwards as of the day on which it was properly presented. Mayo v. Hinote, 16 Fla. 673; Glasser v. Hackett, 37 Fla. 358, 20 South. Rep. 532.

The statute expressly provides that the judge of any court shall sign upon request any bill of exceptions taken during the progress of the cause and tendered to the court, if it fairly states the truth of the matter and the exception taken; and the same shall when signed become a part of the record of such cause; and when the judge *refuses* to sign a bill of exceptions when properly tendered, it shall be lawful for three persons to sign the same *in the presence of the judge* and certify that the same was presented to the judge and he refused to sign it, then said bill shall be valid and have the same force as though it were signed by the judge. When the bill of exceptions is authenticated by three persons under the statute it must appear therein that the persons so authenticating were present at the trial and had knowledge of the matters stated in the bill of exceptions and they must certify to the truthfulness of the bill of exceptions. Williams v. Pitt, 38 Fla. 162, 20 South. Rep. 936.

It does not appear in this case that the bill of exceptions was presented to the judge of the trial court and that he refused to sign it, or that it was signed in the presence of the judge. This being so the so-called bill of exceptions is a nullity and cannot be considered by this court even though it appears at length in the transcript certified by the clerk of the trial court. If the bill of exceptions had been presented to the judge during the

progress of the cause as contemplated by the statute it could then have been authenticated. It appears from the transcript of the record proper that thirty days were allowed to prepare and submit a bill of exceptions. If the judge was suspended from office during that time and refused or failed for that reason to authenticate the bill of exceptions presented to him, and a proper bill of exceptions was duly filed or presented in the court within the time allowed, the judge of the court may, at a subsequent day, authenticate the bill as of the day it was in fact duly prepared and submitted where the court in law should be during proper hours within the time allowed by the order. If the party in preparing and submitting a bill of exceptions under a valid order does everything in his power to have the bill authenticated within the time allowed, but for reasons beyond his control there is no judge competent to authenticate the bill within the time allowed, the time during which there was no judge after the bill of exceptions was duly presented where the judge in law should be, may not be counted against a party not delinquent.

It being made to appear during the argument, and not controverted, that the bill of exceptions was duly prepared for presentation to the judge within the time allowed by the special order of the court, but that the judge at such time was suspended from office and that no successor to fill the office of such judge was appointed or qualified until some time after the lapse of the time fixed by such special order for the presentation of such bill of exceptions, but that such duly prepared bill of exceptions was presented to or filed with the clerk of such court within the time limited by such special order, approved and attempted to be certified by the solicitor of the Criminal Court of Record who prosecuted said cause and by two other persons who witnessed the trial thereof, and as the defendant appears to have been guilty of no

laches in the premises, but, on the contrary, has used every effort to have his bill of exceptions properly authenticated within the time prescribed by law, it is ordered that the plaintiff in error be, and he is hereby, allowed two weeks from the date of the filing of this order within which to present to the judge now presiding over the criminal court of record of Duval county for certification by him the original bill of exceptions now on file with the clerk of such court with satisfactory evidence of its correctness and that it was prepared and there being no judge of such court, the bill of exceptions was signed by three persons who witnessed the trial and the same was offered to the clerk of such criminal court of record for filing within the time limited by the special order of the court for its presentation, but that it was not then certified or authenticated by the judge of such court because there was then no judge of such court authorized to act thereon, and that there was no such judge until after the expiration of the time limited by such special order for the presentation of such bill of exceptions. These facts being satisfactorily made to appear to the present judge of such court he may duly certify such bill of exceptions *nunc pro tunc* as of the date of its presentation to the clerk for filing.

If the original bill of exceptions be duly authenticated the plaintiff in error may upon due notice to the attorney general move for leave to have the certified transcript of the record on file here sent to the clerk of the trial court to have the bill of exceptions in the transcript made to conform to the original as certified by the judge.

It is so ordered.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.