J. W. WEEKS, *Plaintiff in Error,* v. R. F. HAYS, *Defendant in Error.*

APPELLATE PRACTICE—EXCEPTIONS NECESSARY—BILL OF EXCEPTIONS CANNOT BE QUESTIONED OR IMPEACHED.

1. Where a party desires to have an appellate review of rulings of a trial court either admitting or excluding evidence, he *must except to such ruling at the time that it is made,* and such *exception* must properly be made to appear by the transcript of record brought up for appellate review, otherwise no assignment of error predicated upon such ruling can be considered by such appellate court.

2. An *ex parte* affidavit, not contained in a bill of exceptions, but simply copied at large in a transcript of record brought to an appellate court in a suit at law by writ of error cannot be considered by such court for any purpose.

3. A bill of exceptions containing the happenings *in pais* during the progress and trial of a cause, that is duly authenticated by the certificate of the trial judge and included in a duly certified transcript of record as part thereof, imparts *absolute verity* to an appellate court, and cannot be questioned, impeached, altered or varied in any manner before such appellate court not even by the consent and agreement of the opposing parties or their counsel. If such bill of exceptions is improperly, incompletely or incorrectly made up in the trial court, corrections therein must be made there by the trial judge, and the amended record brought up by *certiorari*

This case was decided by Division B.

Writ of Error to the Circuit Court for Suwanee County.

The facts in the case are stated in the opinion of the court.

*J. B. Johnson,* for plaintiff in error;

*Humphreys & Harrell,* for defendant in error.

TAYLOR, J.—The plaintiff in error as plaintiff below instituted his action of replevin against the defend-

ant in error as defendant below in the circuit court of
Suwanee county for recovery of possession of two
mules and one wagon and its harness.    The cause by
agreement was referred to and tried by a referee, and
resulted in a judgment in favor of the defendant below,
and the plaintiff brings it here for review by writ of er-
ror.

As proof of right to recover the property sued for
the plaintiff without objection from the defendant, in-
troduced in evidence the following document:

"Live Oak, Fla., June 23, 1906.
$550.00.    On the 1st day of Sept. 1906, I prom-
ise to pay J. W. Weeks, or bearer, the sum of five hun-
dred and fifty dollars with 10 per cent. interest from
date, for value received, for the purchase price of one
black horse mule, one black mare mule and one Ten-
nessee Wagon and harness and it is further agreed that
all right and title to above described property shall re-
main vested in Florida Live Stock and Vehicle Company
until this note and all interest and cost of collection, in-
cluding 10 per cent. attorney's fees is paid in full—fur-
ther agree to waive all homestead exemptions under the
laws of Florida.

R. F. HAYS    (*Seal.*)"
(Endorsed on back of note.)
"Aug. 13, —06.   By cash $200.00."

The plaintiff after introducing the above paper offered
to prove by his own testimony and by the testimony of
one S. B. Conner that the name of the "Florida Live
Stock and Vehicle Company" was left in said paper
through inadvertence and mistake. That the paper was a
printed form used by said Florida Live Stock and Vehicle
Company in their own transactions, and that in this
transaction between Weeks and Hays one of said printed
forms was procured and used, and that Conner who filled
out the form erased therefrom the printed name of said

company where it first occurred in said form and substituted the name of Weeks in lieu thereof, and that he intended to erase the name of said company where it again and now appears in said paper and to insert in lieu thereof the name of Weeks, but overlooked it and left the name of said company printed in said paper as it now appears therein through mistake and oversight. That said Florida Live Stock and Vehicle Company had no interest in or claim to said paper or to the property described therein, but that the same was owned wholly by the plaintiff, Weeks. This evidence was objected to by the defendant, and upon such objection was excluded by the referee. This ruling constitutes the first and second assignments of error.

In the bill of exceptions contained in the transcript of record in the cause before us for review there are *no exceptions* to any of these rulings by the referee. From the establishment of this court down to the present time there is an unbroken line of decisions to the effect that where a party desires to have an appellate review of rulings of a trial court either admitting or excluding evidence he must *except* to such ruling at the time that it is made, otherwise no assignment of error predicated thereon can be considered by such appellate court. Union Bank of Florida v. Call 5, Fla. 409; Burroughs v. State, 17 Fla. 643; Pottsdamer v. State, 17 Fla. 895; Gallaher v. State, 17 Fla. 370; Waddell v. Cunningham, 27 Fla. 477, 8 South. Rep. 643; McSwain v. Howell, 29 Fla. 248, 10 South. Rep. 588; Hawkins v. State, 29 Fla. 554, 10 South. Rep. 822; Bogue v. McDonald, 14 Fla. 66; Tischler v. Apple, 30 Fla. 132, 11 South. Rep. 273; Coker v. Hayes, 16 Fla. 368; Walker v. State, 34 Fla. 167, 16 South. Rep. 80; Shepard v. State, 36 Fla. 374, 18 South. Rep. 773; Driggers v. State, 38 Fla. 7, 20 South. Rep. 758.

Copied into the record proper in the case there is

an affidavit made by plaintiffs' counsel asserting in effect
that exceptions were in fact taken to these rulings, but
that the referee did not so state in the bill of excep-
tions certified by him.    This affidavit does not appear
to have been presented to the referee before he settled
and signed the bill of exceptions, and it is not included
in the bill of exceptions, but is simply copied into the
transcript outside of the bill of exceptions.    This affi-
davit, under these circumstances cannot be considered
here for any purpose, but even if it could be, it is an
attempt to impeach the verity of a bill of exceptions
properly certified.    By an unbroken line of decisions it
is also well established here that a bill of exceptions con-
taining the happenings *in pais* at the trial of a cause, that
is duly authenticated by the certificate of the trial judge
and included in a duly certified transcript of record im-
ports absolute verity to an appellate court, and cannot
be questioned, impeached, altered or varied in any man-
ner before such appellate court, not even by the consent
and agreement of the opposing parties or their counsel.
If it is improperly or incorrectly made up in the lower
court, corrections must be made there, and the amended
record brought up by *certiorari*.    Gladden v. State, 12
Fla. 562, text 573; Robinson v. Matthews, 16 Fla. 319;
City of Jacksonville v. Lawson, 16 Fla. 321; Pine v.
Anderson, 22 Fla. 330; Glasser, Kuder & Ottensoser v.
Hackett, 38 Fla. 84, 20 South. Rep. 820; Bailey v. Clark,
6 Fla. 516; Sams v. King, 18 Fla. 552; Pickett v. Bryan,
34 Fla. 38, 15 South. Rep. 681; Florida Cent. & P. R.
Co. v. St. Clair-Abrams, 35 Fla. 514, 17 South. Rep.
639; Mizell v. Travellers' Ins. Co., 40 Fla. 148, 24 South.
Rep. 148; Bryan v. State, 41 Fla. 643, 26 South. Rep.
1022.

    The third assignment of error questions the correct-
ness of the findings of fact by the referee.

    The fourth assignment of error complains of the de-

nial of the plaintiffs' motion for new trial, and the fifth assignment of error complains of the rendition of final judgment in the defendant's favor. In the absence of the excluded testimony the findings of the referee could not properly have been otherwise than they were, since the evidence before the referee showed that the plaintiff was seeking by his action of replevin to recover property shown by the proofs not to be owned by him but by a third party, and in which he was not shown to have even a special interest, and it was not shown that he was entitled to the possession thereof.

For the same reason there was no error in denying the plaintiff's motion for new trial, nor in the rendition of final judgment for the defendant.

No error being made to appear the judgment of the circuit court in said cause is hereby affirmed at the cost of the plaintiff in error.

HOCKER and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.