OLIVER NIBLACK, *et al.*, *Plaintiffs in Error*, v. THE
STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed Nov. 2, 1915.

Petition for rehearing denied Dec. 21, 1915.

1. Verdicts in criminal cases should be certain and import a
definite meaning free from ambiguity; but any words that
convey beyond a reasonable doubt the meaning and intention
of the jury are sufficient, and all fair intendments should be
made to sustain them.. If the intention of the jury is clearly
manifested in the language used mere inaccuracies of ex-
pression will not vitiate the verdict.

2. The safer and better practice in preparing a verdict in a crim-
inal case is to use the word "defendant" therein and also to
state the name of the defendant, yet, if the intention of the
jury is clearly manifested in the language used, the verdict
will be upheld.

3. Where a defect in form, and not of substance, exists in an in-
formation or indictment, and no assault is made thereon be-
cause thereof, and the defendant, without noticing such defect,
pleads to the merits and goes to trial, he thereby waives such
defect, and cannot avail himself of it for the first time in an
appellate court.

4. A bill of exceptions, or that which is tantamount thereto,
under the signature of the judge, is essential to the review in
the appellate court of the evidence introduced on the trial of a
cause at law in the Circuit Court, and the copying by the clerk
into the record of what purports to be the evidence on such trial
not under the signature of the judge can not be considered by
this court.

Writ of error to Circuit Court, Columbia County; M. F. Horne, Judge.

Judgment affirmed.

*A. J. Henry,* for Plaintiffs in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

SHACKLEFORD, J.—An indictment was presented against Oliver Niblack, Brewster Ellis and Doll Lewis for the murder of Wayman Tumstill, Oliver Niblack being charged as principal in the first degree and Brewster Ellis and Doll Lewis as principles in the second degree. A trial was had, which resulted in Oliver Niblack being convicted of murder in the second degree and Doll Lewis and Brewster Ellis being convicted of manslaughter. All three defendants seek relief here by writ of error.

The first assignment is based upon the overruling of the motion in arrest of judgment. The only ground of this motion which is insisted upon before us is the fourth, which is as follows: "The verdict does not name the defendant Brewster Ellis with sufficient legibility." The defendants in their brief state that "the original verdict is before the court, and it speaks for itself, an inspection will show whether this ground is. based on fact." The defendants are mistaken, as the *original* verdict returned is not before us, but the verdict as copied in the transcript of the record reads as follows:

"Lake City, Columbia Co., Fla., May. 6th, 1915.

"We the jury find the defendant, Oliver Niblack guilty of murder in the second degree and Doll Lewis and Brewster Ellis guilty of manslaughter, so say we all.
.H. C. STANLEY, Foreman."

We do not think that there is any merit in this contention. The omission of the word "defendants" before the names of Brewster Ellis and Doll Lewis does not vitiate the verdict. While, as was pointed out in Bryant v. State, 34 Fla. 291, 16 South. Rep. 177, the safer and better practice in a verdict is to use the word "defendant" therein and also to state the name of the defendant, yet, if the intention of the jury is clearly manifested in the language used, as, we think, was done by the verdict returned in the instant case, the verdict will be upheld. See O'Neal v. State, 54 Fla. 96, 44 South. Rep. 940, and prior decisions of this court therein cited.

The third assignment is as follows: "The Court erred in trying the defendants and pronouncing judgment of conviction, and sentencing the defendants, upon the indictment."

The defendants admit in their brief that "The point on the indictment is made here for the first time, no motion to quash or in arrest of judgment having been made in the court below."

As we held in Hampton v. State, 50 Fla. 55, 39 South. Rep. 421, "Where a defect in form, and not in substance, exists in an information or indictment, and no assault is made thereon because thereof, and the defendant, without noticing such defect, pleads to the merits and goes to trial, he thereby waives such defect, and cannot avail himself of it for the first time in an appellate court."

The defect complained of in the instant case is clearly

one of form and not of substance, therefore the point cannot be made here for the first time, and the case of Grant v. State, 35 Fla. 581, 17 South. Rep. 225, cited and relied upon by the defendants, has no applicability.

These two would seem to be the only assignments properly before us for consideration, as the other assignments are based upon the bill of exceptions and no such bill properly authenticated is before us. There are a number of papers in the transcript purporting to be a bill of exceptions and to contain the evidence adduced and other proceedings at he trial, but the same is not signed by the trial judge or authenticated in any way, therefore we cannot consider it. Rule 103, prefixed to 14 Fla., under which the transcript of the record in the instant case was prepared, gives the form for a bill of exceptions and prescribes that the same shall be signed and authenticated by the trial judge. See also Sections 4044 and 1696 of the General Statutes of Florida. See also Schultz v. Pacific Insurance Co., 14 Fla. 73, wherein we held, "The only thing which gives verity to the correction and settlement of a case in this court, is the signature of the judge. The want of this is a fatal defect." The following cases also bear upon the point: Robinson v. L'Engle, 13 Fla. 482; City of Jacksonville v. Lawson, 16 Fla. 321; Robinson v. Matthews, 16 Fla. 319; Richardson v. State, 28 Fla. 349, 9 South. Rep. 704; Florida Cent. & P. R. Co. v. St. Clair-Abrams, 35 Fla. 514, 17 South. Rep. 639; Montgomery v. State, 54 Fla. 73, 45 South. Rep. 813.

No reversible error having been made to appear to us, the judgment must be affirmed.

TAYLOR, C. J., and COCKRELL, WHITFIELD and ELLIS, JJ., concur.