## Ex Parte NORTHINGTON.

[APPLICATION FOR MANDAMUS TO CIRCUIT COURT.]

1. *Liability of lunatic for necessaries.*—An adult person, who is *non compos mentis*, is liable on an implied contract for necessaries furnished him, suitable to his estate and condition in life; and where no guardian has been appointed for him, an action for the value of such necessaries must necessarily be prosecuted against him personally.

2. *How lunatic must defend.*—When an action is brought against an adult person who is *non compos mentis*, he must be defended by an attorney, to be appointed by the court, if necessary; and if the court refuses to let the plaintiff proceed with his action, "unless he first have a guardian appointed by the probate court, and notify the guardian of the pendency of the suit," a *mandamus* will be awarded by the supreme court, at the instance of the plaintiff, to compel the appointment of an attorney for the defendant.

APPLICATION by William H. Northington, as the executor of John D. Fralick, deceased, for a *mandamus, procedendo*, or other appropriate writ, process, or order, to be directed to the circuit court of Autauga, to compel that court to allow the petitioner to proceed in a certain cause, therein pending, in which the petitioner, as executor of

said Fralick, was plaintiff, and one John R. Williams was defendant. It appeared from the transcript which was made an exhibit to the petition, that said Fralick commenced an action at law against said Williams, by ordinary summons and complaint, on the 25th January, 1860, to recover the sum of $150, alleged to be due for the use and occupation of a town lot in Prattville; that at the March term, 1860, it was suggested to the court, that the plaintiff had departed this life, that said Northington had been appointed and qualified as his executor, that the defendant had been declared a lunatic by the probate court of Autauga, and that he had no guardian; that thereupon said Northington, as such executor, was made a party to the suit, and the cause was continued, in order that a guardian might be appointed for the defendant; and that at the next ensuing term, (Hon. NAT. COOK presiding,) as shown by the bill of exceptions, the following proceedings were had: "When the cause was regularly reached and called for trial, the plaintiff asked for a judgment by default, with a writ of inquiry; no appearance having been entered for the defendant, and no plea being filed or offered. Thereupon, Thomas H. Watts, as *amicus curiæ*, suggested to the court, that the defendant was of unsound mind at the commencement of this suit, and had since been declared a lunatic, by the probate court of Autauga, and had no guardian. The truth of this suggestion was not controverted. It was proved, also, that the defendant had no guardian, or committee; and that it was shown to the court, at the last term, that he had been declared a lunatic by the probate court of Autauga, and had no guardian; that the case was continued at that term, in order that a guardian might be appointed, and that no guardian had yet been appointed. On this state of facts, the court refused to give or enter any judgment for the plaintiff, or to allow him to proceed; to which the plaintiff excepted. The plaintiff then asked the court to allow him to put his case to a jury, and to prove his cause of action before the jury; and offered to prove, that his cause of action was for necessaries furnished

32

by his testator to said defendant and his family, during the year 1859; which were suitable to their rank and condition in life, and were worth at least $100, and that the defendant was about forty years old at that time. On this state of facts, the court refused to hear any part of the proof thus offered, or to allow the plaintiff to put his case before a jury, or to proceed in it, unless he would first have a guardian appointed by the probate court, and notify such guardian of the pendency of this suit, and also refused to appoint a guardian *ad litem* for the defendant; to which several rulings and decisions of the court the plaintiff excepted."

GOLDTHWAITE, RICE & SEMPLE, for the motion.—1. Upon the plainest principles of justice, necessity, and humanity, the contracts of lunatics, for necessaries, or things suitable to their condition in life, will be upheld, and enforced by action at law, as if the lunatics were of sound mind.—*Richardson v. Strong*, 13 Iredell, 106; *Hallett v. Oakes*, 1 Cushing, 296; *Tally v. Tally*, 2 Dev. & Batt. Eq. 387; *Brown v. Jodrell*, 14 Eng. Com. L. 196; Chitty's Medical Jurisprudence, 350, note z; *Baxter v. Earl of Portsmouth*, 5 Barn. & Cr. 170; Ex parte *Hastings*, 14 Vesey, 182; Chitty on Contracts, 134.

2. In such action, "the judgment is properly rendered against the lunatic himself."—*Walker v. Clay*, 21 Ala. 797. A recovery may be had, before a commission issued, or guardian of any kind appointed.—*Richardson v. Strong*, 13 Iredell, 106. And the necessity of this is apparent, when it is considered, that there is no law to compel any person to accept a guardianship of any kind for a lunatic.

WATTS, JUDGE & JACKSON, *contra.*

STONE, J.—That an adult person, who is of unsound mind, can become liable by implied contract, for necessaries suitable to his estate and condition in life, is a proposition upheld alike by reason and authority.—Chitty on Con.

131–2; *Baxter v. Earl of Portsmouth*, 5 Barn. & Cr. 170; *Brown v. Jodrell*, 3 C. & P. 30; Chit. Med. Ju. 350; *Hallett v. Oakes*, 1 Cush. (Mass.) 296; *Tally v. Tally*, 2 Dev. & Batt. 385; *Richardson v. Strong*, 13 Ired. 106. And, at least where no guardian has been appointed for such adult *non compos*, the suit must, in the nature of things, be prosecuted against *him* whose estate must pay any judgment that may be recovered.—*Kernot v. Norman*, 2 T. R. 390; *Nutt v. Verney*, 4 T. R. 120; Chit. Con. 131–2; Brown on Actions, 301; *Clarke v. Dunham*, 4 Denio, 262; *Walker v. Clay*, 21 Ala. 797.

[2.] When suit is brought against a person, not an idiot, but who is of non-sane mind, the rule seems to be universal, that he must, if an infant, be defended by guardian; and if an adult, he must be defended by an attorney, to be appointed for the purpose by the court, if necessary. There is no authority for the appointment of a guardian *ad litem*, to defend in such a case as this; and the court should not proceed with the trial, without having the defendant represented by an attorney.—*Beverly's case*, 4th Rep. 124; 1 Chitty's Pl. 427–8; Shelf. on Lunacy, 512; *Cameron v. Pottinger*, 3 Bibb, 11; *Faulkner v. McClure*, 18 Johns. 134; *Robertson v. Lain*, 19 Wend. 649; 1 Tidd's Pr. 92–3.

The circuit court did not err in refusing to appoint a guardian *ad litem* for the defendant, nor in refusing to allow the plaintiff to proceed with the proof in his cause, in the absence of counsel for the defendant. But, in refusing to allow the plaintiff to proceed, "unless he would first have a guardian appointed by the probate court, and notify such guardian of the pendency of the suit," the circuit court erred. The defendant was an adult; and it was the right of the plaintiff to proceed, after having an attorney appointed for the defendant.

A rule is ordered to the judge presiding in the circuit court of Autauga county, to show cause why a *mandamus* shall not issue, to compel the appointment of an attorney for the defendant.