# Hollingsworth v. Chapman.

*Motion to strike Bill of Exceptions from Record, and for Continuance on suggestion of Appellant's Insanity.*

1. *Practice on motion to strike out bill of exceptions.*— When a bill of exceptions is incorporated in the transcript by the clerk, and appears to be regular on its face, it cannot be struck out on motion, supported by affidavits, on the ground that it was not signed by the presiding judge on the trial. If the record has been improperly made up in the court below, it must be corrected in that court, and the amended record brought up by *certiorari.*

2. *Practice on suggestion of appellant's insanity.* — On suggestion to this court, supported by affidavits, that the appellant has become insane since the appeal was sued out, but no inquisition of lunacy has been held, the cause will be continued, to afford an opportunity for such inquisition.

APPEAL from the Circuit Court of Limestone.

Tried before the Hon. JAMES S. CLARK.

The appellee in this case moved to strike from the record the bill of exceptions, which had been incorporated in the transcript by the clerk, on the ground that it was not signed by the presiding judge at the trial; and he also suggested to the court that the appellant had become insane since the appeal in this case was sued out, and asked that the cause might be continued until the next term, in order that proceedings might be instituted to have him declared a lunatic. Affidavits were submitted on each of these motions.

WATTS & TROY, for the motions.

L. PRYOR and R. A. McCLELLAN, *contra.*

PETERS, C. J. — In this case, the appellee moves this court to suppress and strike from the record the paper therein purporting to be the bill of exceptions. The transcript of the record filed in this court is regularly certified by the clerk of the court from which the appeal is taken, to be " a full and complete transcript of the record and proceedings of the circuit court in a cause therein pending, wherein Reuben Chapman was plaintiff, and Jack Hollingsworth defendant." This certificate is in proper form, and authenticated by the signature of the clerk and the seal of the court, as required by the Code.

[Hollingsworth v. Chapman.]

Rev. Code, § 3492. In the transcript thus sent up to this court is a bill of exceptions, which is certified as a part of the record by the clerk as above stated. Upon the face of this bill of exceptions, it is perfectly regular. It purports to have been signed by the presiding judge, and dated on the day of the trial of the cause in the court below, as required by law. This is not denied by the appellee; but he seeks to base his motion on numerous affidavits, which go to contradict this recital of the transcript of the record filed in this court. Can this be done? We think not. This is an attempt to correct the transcript in this court by parol. What is found in the authenticated transcript of the record in the court below must be taken to be true. *Carroll* v. *Pathkiller*, 3 Porter, 179; *Dozier* v. *Joyce*, 8 Porter, 303; *Deslonde & James* v. *Darrington's Heirs*, 29 Ala. 92; *Beverly* v. *Stephens*, 17 Ala. 701. If the record is inaccurate, or incomplete, its deficiencies must be amended by *certiorari* to the court below. Rule 11, Rev. Code, p. 817. If the record needs amendment, it must be done by the court below, and when so amended and corrected, the appellee is entitled to a *certiorari*. *Judson* v. *Eslava*, Minor, 71; *Brown & Parsons* v. *Tarver*, Minor, 370; *Townsend* v. *Jeffries*, 24 Ala. 329.

No judgment is intended to be intimated in this opinion, as to the power of the court below to amend the record in this case, or as to the right to have the amendment made as contended for in this court. These questions are purposely left open for the determination of the court below in the first instance.

The motion to strike out the bill of exceptions is denied, with costs.

2. On the motion for continuance, the proofs are sufficient to show probable grounds for the insanity of the appellant; and if this insanity had been regularly ascertained and declared, upon an inquisition of lunacy, by the judge of probate of the proper county, we would follow the practice settled in the case of *Ex parte Northington*, 37 Ala. 496. This would justify the appointment of an attorney for the appellant by this court, to guard his interests and rights in the present suit. But the legal ascertainment of the insanity of the appellant has not been made, and might not be successfully made when attempted. This court would have no authority to appoint an attorney for him, without this. In this anomalous condition of the case, we think the continuance ought to be allowed. It is, therefore, granted.

BRICKELL, J., not sitting, having been of counsel for the appellee.