GLASER, KUDER & OTTENSOSER, PLAINTIFFS IN ERROR, VS. N. W. HACKETT, DEFENDANT IN ERROR.

Under section 1268 Rev. Stat. a bill of exceptions regular in form, properly prepared and attested by the trial judge, becomes a part of the record in the cause and imports verity. It can not be attacked in the appellate court even for fraud and deceit practiced in obtaining it; and if improperly made in the lower court, corrections must be made there and the amended record brought up by *certiorari*.

Writ of Error to the Circuit Court for Bradford county.

Motion to strike Bill of Exceptions.

*W. B. Young,* for Motion.

*Henderson & Raney, Contra.*

MABRY, C. J.:

This is a proceeding at law brought to this court by writ of error. A motion made at the last term, to dismiss the writ and strike the bill of exceptions from the record was denied. The grounds of the motion to strike out the bill of exceptions were that the bill was not made up and signed during the term at which the case was tried and no order appeared in the transcript allowing further time to settle the exceptions, and that it appeared from the certificate of the Judge that the special order allowing further time had not been complied with by plaintiffs.

A further motion is now made to strike from the record the bill of exceptions on the ground that it does not truthfully set out the charges given by the Judge on the trial of the case, the charges being in writing and filed in the clerk's office and the signature of the Judge to the bill having been obtained through fraud and deceit practiced upon him.

In support of this motion the Judge who tried the case certifies that the charges given by him were in writing and filed with the clerk and are still on file in his office; that when the bill of exceptions was presented for his signature several months had elapsed

since the trial and he did not recollect the charges and the attorney for plaintiffs in error stated that he had omitted to bring them with him, but had compared them himself, and they were carefully and correctly copied into the bill of exceptions presented; that relying upon the assurances that the bill contained the charges, and believing the same to be true, he signed the bill of exceptions; that subsequently while holding a term of court in the county where the trial occurred he ascertained for the first time that he had been deceived and that two of the written charges given on the trial and on file in the clerk's office had been omitted from the bill of exceptions, and words had been inserted into one of the charges copied into the bill not found in the charge as given on the trial; and that he would not have signed the bill of exceptions if he had not believed the statement of counsel for plaintiffs in error, that the charges had been carefully and accurately copied into the bill, to be true. Before the present motion was made counsel for appellee filed briefs on the merits of the case, but without reference to any question of laches on the part of appellee in not earlier raising the objection now urged to the bill of exceptions, our conclusion is that the motion must be denied.

The bill of exceptions is in proper form and signed by the trial Judge. The statute provides, section 1268 Rev. Stat., "that the Judge of any court of this State, upon a trial at law in said court, shall sign, upon request, any bill of exceptions taken during the progress of the cause and tendered to the court if said bill as tendered fairly states the truth of the matter, and the exception designed to be taken; and

the same shall, when signed, become a part of the record of said cause." Provision is also made for attesting the bill when so tendered to the Judge and he refuses to sign it. At common law a bill of exceptions formed no part of the record in the trial court and the original was carried into the appellate court and there annexed to the record. It was for the benefit of the party tendering it and he could use it or not as he saw proper. The statute referred to provides that when the bill is signed by the trial Judge it shall become a part of the record in the cause, and the original is not sent here, but the clerk certifies it as a part of the record of the proceedings below. Brown vs. State, 29 Fla. 543, 10 South. Rep. 736; Lovett vs. State. Ib. 356, 11 South. Rep. 172. The true office of a bill of exceptions is also pointed out in these decisions.

It is said in Baily vs. Clark, 6 Fla. 516, that "a bill of exceptions is made up with care by the Judge under the solemn sanction of his signature and seal with the aid of the attorneys of the respective parties during the term of the court at which the trial is had, unless by special order further time is allowed, and has absolute verity."

In Sams vs. King, 18 Fla. 552, it was held that a bill of exceptions, regular in form, properly prepared and attested according to law, imports verity, and its truth could not be questioned in this court by affidavit of counsel.

The settled rule of this court is not to permit bills of exceptions in proper form and attested by the Judge to be added to or varied by agreement of counsel. In Pickett vs. Bryan, 34 Fla. 38, 15 South. Rep. 681, we

held that the appellate court will not consider agreements of counsel to amend and supply deficiencies in bills of exceptions properly. certified to by the trial Judge and found in the transcript.

The action of this court must bear upon the action of the trial court, and bills of exceptions certified to by that court must be regarded as the only evidence of matters *in pais* transpiring at the trial. F. C. & P. R. R. Co. vs. St. Clair-Abrams, 35 Fla. 574, 17 South. Rep. 639.

The bill of exceptions in the present transcript furnishes all the evidence of what were the charges given ·by the court to the jury, and considering as we must on this record, that the charges were incorporated into the record of the cause by the bill of exceptions signed, it is evident, as certified by the clerk, that we have before us a true copy of the record as now existing in the lower court. We hold that the bill of exceptions in due form and properly attested by the trial Judge can not be attacked in this court even for fraud and deceit practiced upon him in procuring it. This is not the court in which to correct such a wrong and on the record as certified to us we must consider the bill of exceptions properly certified to by the Judge as purporting verity. E. L. & N. R. R. Co. vs. Culberson, 72 Texas, 375; Dedric vs. Hopson, 62 Iowa, 562; Hollingsworth vs. Chapman, 50 Ala. 23; Fuller vs. Twine Co., 39 Kansas, 492.

In Hollingsworth vs. Chapman, *supra*, it was held that when a bill of exceptions is incorporated in the transcript by the clerk, and appears to be regular on

its face, it can not be struck out on motion, supported by affidavits, on the ground that it was not signed by the presiding Judge on the trial. If the record has been improperly made up in the court below, it must be corrected in that court, and the amended record brought up by *certiorari*.

The case of Lovett vs. State, 29 Fla. 384, 11 South. Rep. 176, is not like the present one and the decision there rests upon an entirely different principle. The transcript in that case upon which the decision of this court was made entirely misrepresented the real record in the Circuit Court. Our decision was obtained on the basis of a record that did not exist, but that is not the case here. The record before us is as it now exists in the Circuit Court.

An order will be made denying the motion.