W. B. CURRY, ACTING CHIEF OF POLICE OF MIAMI, FLORIDA, *Plaintiff in Error,* v. C. E. OSBORNE, *Defendant in Error.*

Opinion filed January 17, 1918.

A bill of exceptions is authenticated by the trial judge and it cannot be amended by *certiorari* in the appellate court.

Application for certiorari denied.

*John C. Gramling* and *William P. Smith,* for Plaintiff in Error;

*Atkinson & Burdine* and *Bart. A. Riley,* for Defendant in Error.

WHITFIELD, J.—Defendant in error presents an affi-

davit purporting to be a motion for writ of *certiorari* to perfect the record in this cause which is here on writ of error in *habeas corpus* proceedings, stating that certain testimony of a witness in the *habeas corpus* proceedings was omitted from the bill of exceptions as made up, and attaches a certificate of the Circuit Judge "that the full testimony of William B. Moore contained on the pages attached hereto, was not incorporated in the bill of exceptions presented to me in the case of State of Florida ex rel. C. E. Osborne versus W. B. Curry, Acting Chief of Police of Miami, Florida. I do now hereby certify that the bill of exceptions together with this additional testimony of Mr. William B. Moore contains all the evidence introduced at the trial in the above cause."

There is also attached three pages of what purports to be testimony as referred to in the affidavit and in the certificate of the judge. If these papers may be regarded as an application for a *certiorari* in diminution proceedings, they are insufficient since it is not shown that the transscript on file here is not a correct copy of the record in the Circuit Court.

A bill of exceptions is authenticated by the trial judge and it cannot be amended by certiorari in the appellate court. See Glaser v. Hackett, 38 Fla. 84, 20 South. Rep. 820; Mizell v. Travelers' Ins. Co., 40 Fla. 148, 24 South. Rep. 148; Weeks v. Hays, 55 Fla. 370, 45 South. Rep. 987.

If a bill of exceptions is subject to amendment, such amendment should be made in the trial court. If an amendment to a bill of exceptions becomes a part thereof and a part of the record in the cause and it is erroneously omitted from the transcript brought to the appellate court on writ of error, the rule provides for perfecting the transcript here by appropriate and timely proceedings

taken in this court.    See Rule 14  of Supreme Court Rules.

If the testimony referred to is material to the issues in the cause here on writ of error,  and  it may by proper amendment be incorporated in the record as a part of the original bill of exceptions in the cause, it should be made a part of the record in the trial court before proceedings under Rule 14 are had.

The application now made is denied.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J. concur.