HOME OWNERS' LOAN CORPORATION *v.* HERMAN F. STEIN and AUGUSTA STEIN.

(*January* 22, 1935.)

LAYTON, C. J., and RODNEY, J., sitting.

*W. Thomas Knowles* for plaintiff.

*Dudley C. Lunt* for defendant, Augusta Stein, by appointment of the Court.

Superior Court for New Castle County, *Scire Facias* on a mortgage, No. 84, January Term, 1935.

RODNEY, J., delivering the opinion of the Court:

If an infant is the defendant and has no guardian or trustee, the Court will appoint a guardian *ad litem* to defend the action. This is true whether the infant be competent or an incompetent. Considerable looseness of expression has arisen where the defendant is an adult and an incompetent, for whom no trustee has been appointed. A few law Courts have, in such cases, appointed a guardian *ad litem* for such defendant. In most of the cases such holding was either by virtue of a statute or arose from a blending of the equitable and legal jurisdiction of the Court.

Wherever the matter has been directly determined the Courts have held that in a law Court, as distinguished from Equity, where the defendant is an adult and incompetent, for whom no trustee has been appointed, the Court will appoint an attorney for such incompetent and not a guardian *ad litem*. A leading case is *Van Horn v. Hann,* 39 *N. J. Law* 207, 213. There it is pointed out that the rule at common law was uniform and unquestioned and was as old as Beverly's Case (about 1603), 4 *Coke* 123 *B,* 76

*Eng. Reprint* 1118. See, also, *Faulkner v. McClure*, 18 *Johns.* (*N. Y.*) 134; *Ex Parte Northington*, 37 *Ala.* 496, 79 *Am. Dec.* 67; 2 *Saunders* 333, *note* 4, 85 *Eng. Reprint* 1129; *Buchanan v. Rout*, 2 *T. B. Mon.* (*Ky.*) 114.

The reason is that at common law lunatics defend as ordinary persons. Process is served personally. Appearance, then, by an adult, is by attorney but because the adult is incompetent and has no capacity to appoint an attorney, the Court will appoint an attorney, one of its own officers, to defend the action. If the incompetent be a minor it will be like other cases brought against minors and a guardian *ad litem* will be appointed.

In Equity the rule has always been different and a guardian *ad litem* is usually appointed for an incompetent whether such incompetent be a minor or of full age.

In *Allen v. Babcock*, 1 *Harr.* 348, the Court intimated that a lunatic could defend by next friend and cited *Shelford on Lunacy*, 395, 2 *Law Library* 250. The authority does not bear out this representation and while the distinction may exist in name only we prefer to follow the uniform current of direct authorities and hold that a lunatic, for whom no trustee has been appointed, should appear by an attorney to be appointed by the Court.